UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL SALAMI,

    Plaintiff,

v.                                                  Civil Case No. 2:18-CV-13282

MICHIGAN STATE POLICE           HON. MARK A. GOLDSMITH
FORENSIC SCIENCE LABORATORY,
et al.,

    Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

The Court has before it Plaintiff Michael Salami's pro se civil rights complaint filed pursuant to 42 U.S.C.§ 1983. Salami is a state prisoner currently confined at the Detroit Reentry Center in Detroit, Michigan. For the reasons that follow, the complaint is dismissed with prejudice for failing to state a claim upon which relief can be granted.

### I. STANDARD OF REVIEW

Salami has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); McGore v. Wrigglesworth, 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Denton v. Hernandez, 504 U.S. 25, 32 (1992). Sua sponte

dismissal is appropriate if the complaint lacks an arguable basis when filed. McGore, 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. West v. Atkins, 487 U.S. 42, 48 (1988). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." Redding v. St. Eward, 241 F. 3d 530, 532 (6th Cir. 2001).

## II. BACKGROUND

Salami claims that when he was still incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, he was sexually assaulted by another inmate. He reported it to the State Police, whom he claims told him that there was a nine in ten chance the assailant would not be prosecuted by the Chippewa County Prosecutor, one of the named defendants, because the assailant was already doing a life sentence. Salami's main claim is that the Michigan State Police

Forensic Laboratory refuses to preserve the sexual assault kit performed on him by the state police. Plaintiff may also be seeking an order to have his assailant prosecuted for the sexual assault.

On December 6, 2018, this Court issued an opinion and order to Salami to show cause why his complaint should not be dismissed for failing to state a claim upon which relief can be granted. Salami was also given an opportunity to amend his complaint to attempt to state a claim for relief. Salami was given thirty days to respond to the show cause order. Salami responded to the order to show cause on January 22, 2019 (Dkt. 28).

### III. DISCUSSION

Salami's primary claim is that the Michigan State Police Forensic Laboratory will not preserve the sexual assault kit performed on him.

There does not appear to be any caselaw supporting Salami's claim for relief. The Court could only find two unpublished cases, both of which counsel that Salami does not state a claim. "Research has revealed no constitutional or statutory requirement that a rape test kit be used on an alleged rape victim." Johnson v. Ruiz, No. 3:11-CV-542 JCH, 2012 WL 90159, at * 3 (D. Conn. Jan. 10, 2012). See also Brown v. Parnell, No. CIV.A 5:09CV-P159-R, 2010 WL 1418735, at *5 (W.D. Ky. Apr. 7, 2010) (rejecting claim by prisoner that his Fourteenth Amendment rights were violated by failure of prison authorities to perform rape kit on prisoner after he reported being a victim of sexual misconduct). Thus, Salami has failed to state a claim for relief.

To the extent that Salami claims that Defendants failed to prosecute his assailant, Salami is not entitled to relief. There is no constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime, nor can a private citizen bring a civil action in federal court to initiate a criminal prosecution. Diamond v. Charles, 476 U.S. 54, 64 (1986); Martin v. Koljonen, 89 F. App'x 567, 568 (6th Cir. 2004); Hamilton v. Reed,

29 F. App'x 202, 204 (6th Cir. 2002); White v. City of Toledo, 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002). Salami is not entitled to relief on his claim.

Salami filed a response to the order to show cause. He claims that Defendants have violated his Fourteenth Amendment rights to due process and equal protection of the law by failing to preserve or test the sexual assault kit. Salami, however, has pointed to no case law, nor has this Court been able to find any, which would change this Court's original analysis that his claims are non-cognizable. Although Salami argues that Michigan law requires that the sexual assault kit be tested, preserved, and entered into federal and state databases within ninety days, a "violation of a state statute or regulation is insufficient alone to make a claim cognizable under § 1983." Stanley v. Vining, 602 F.3d 767, 769 (6th Cir. 2010). Thus, the mere fact that Defendants may have violated Michigan law by failing to preserve or test the sexual assault kit would not state a claim for relief under § 1983.

Because the complaint lacks any arguable basis in the law, this Court certifies that any appeal by Salami would be frivolous and not undertaken in good faith. See Alexander v. Jackson, 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006) (citing 28 U.S.C. § 1915(a)). The Court will also deny, as moot, Salami's pending motions for discovery, for a physical and mental health examination, for a temporary restraining order and injunction, for a preliminary injunction, for an admission of all parties, for interrogatories, and for a stay. (Dkts. 3, 4, 8, 10, 11, 15, and 26).

## IV. CONCLUSION

Accordingly, it is hereby ordered that the civil rights complaint (Dkt. 1) is dismissed with prejudice for failing to state a claim upon which relief can be granted. His pending motions (Dkts. 3,4,8,10,11, 15, and 26) are denied as moot.

It is further ordered and certified by the Court that any appeal taken by Salami would not be done in good faith.

SO ORDERED.

Dated: February 5, 2019  
       Detroit, Michigan
       s/Mark A. Goldsmith  
       MARK A. GOLDSMITH  
       United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 5, 2019.

       s/Karri Sandusky  
       Case Manager